*SEAL*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Cr. No. 18cr 10193 |
| | ) |
| v. | ) VIOLATIONS: |
| | ) |
| NELSON CRUZ RODRIGUEZ CARTAGENA, | ) 18 U.S.C. § 1962(d) -- |
| a/k/a "Inquieto," | ) Conspiracy to Conduct |
| Defendant | ) Enterprise Affairs Through |
| | ) a Pattern of Racketeering |
| | ) Activity |
| | ) |
| | ) 18 U.S.C. § 1963 -- |
| | ) RICO Forfeiture Allegations |

INDICTMENT

COUNT ONE:     18 U.S.C. §1962(d)—Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity

The Grand Jury charges that:

Introduction

At all times relevant to this Indictment:

The Enterprise

1.     La Mara Salvatrucha, also known as the MS-13 criminal organization (hereinafter "MS-13"), is composed primarily of immigrants or descendants of immigrants from Central America, with members operating throughout Massachusetts, including Boston, Everett, Chelsea, Somerville, and elsewhere. Members and associates of MS-13 have engaged in acts of violence, including murder, attempted murder, robbery, and assault, as well as other criminal activity, including narcotics trafficking, firearm possession, robbery, witness tampering, and witness retaliation.

2.     The defendant NELSON CRUZ RODRIGUEZ CARTAGENA, also known as "Inquieto," is a member of MS-13.

3.     MS-13, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit with a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## Purposes of the Enterprise

4.     The purposes of the MS-13 enterprise included the following:

(a)     Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations;

(b)     Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence, and acts of violence, including murder, attempted murder, and assault;

(c)     Keeping victims and rivals in fear of the enterprise and its members and associates;

(d)     Enriching the members and associates of the enterprise through criminal activity, including robbery and narcotics trafficking; and

(e)     Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

## Means and Methods of the Enterprise

5.     Among the means and methods by which the defendant and his associates conducted and participated in the conduct of the affairs of the enterprise were the following:

(a)     Members of MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations;

(b)     Members of MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and MS-13 members who violated the enterprise's rules;

(c)     Members of the enterprise and their associates used, attempted to use, and conspired to use robbery, narcotics trafficking, and firearm sales as a means of obtaining money.

## The Racketeering Conspiracy

6.     From a time unknown to the Grand Jury and continuing until in or about June 2018 at Boston, Everett, Chelsea, Somerville, and elsewhere in the District of Massachusetts, and at other places presently known and unknown,

NELSON CRUZ RODRIGUEZ CARTAGENA, a/k/a "Inquieto,"

defendant herein, and others known and unknown to the Grand Jury, being a person employed by and associated with MS-13, an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and (5), that is:

    a.     multiple acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Section 1 (murder), Section 15 (assault with intent to murder), Section 16 (attempt to murder), and Section 18 (armed assault with intent to murder), Massachusetts General Laws, Chapter 274, Section 7 (conspiracy to commit murder), and

    b.     multiple offenses involving trafficking in narcotics in violation of Title 21, United States Code, Section 846.

3

7.      It was part of the conspiracy that the defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the MS-13 enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

## RICO FORFEITURE ALLEGATIONS
### 18 U.S.C. §1963

The Grand Jury further charges that:

10. The allegations of Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963.

11. Upon conviction of the offense in violation of Title 18, United States Code, Section 1962, set forth in Count One of this Indictment,

NELSON CRUZ RODRIGUEZ CARTAGENA, a/k/a "Inquieto,"

defendant herein, shall forfeit to the United States pursuant to Title 18, United States Code, Section 1963:

(a) all interests the defendant has acquired or maintained in violation of Title 18, United States Code, Section 1962, wherever located, and in whatever names held;

(b) all interests in, securities of, claims against, or properties or contractual rights of any kind affording a source of influence over, any enterprise which the defendant has established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

(c) all property constituting, and derived from, any proceeds which the defendant obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

12. If any of the property described in paragraph 11 hereof as being forfeitable pursuant to Title 18, United States Code, Section 1963, as a result of any act and omission of the defendant—

(a)   cannot be located upon the exercise of due diligence;

(b)     has been transferred to, sold to, or deposited with a third party;

(c)     has been placed beyond the jurisdiction of this Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant.

All pursuant to Title 18, United States Code, Section 1963.

A TRUE BILL,

_Brenda J. Cuccia_
FOREPERSON OF THE GRAND JURY

_Christopher Pohl_
CHRISTOPHER POHL
KELLY BEGG LAWRENCE
Assistant U.S. Attorneys

DISTRICT OF MASSACHUSETTS                    June 20, 2018

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk          @ 12:34 PM
                         6/20/18

6