UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | Criminal No. 1:18-CR-10193-WGY |
| v ) | |
| ) | |
| **NELSON CRUZ RODRIGUEZ** ) | |
| **CARTEGENA** ) | |
| ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Nelson Cruz Rodriguez Cartegena submits this memorandum to assist the Court in setting an appropriate sentence in the above captioned matter. For the reasons set forth below, the defendant suggests that a sentence of 188 months is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). United States v. Kimbrough, 128 S.Ct. 558 (2007); United States v. Booker 125 S.Ct. 738 (2005). This sentence would be justified in light of the circumstances of this case and the factors to be considered under 18 U.S.C. § 3553.

**STATEMENT OF THE CASE**

On April 8, 2019, the defendant pled guilty to a single count Indictment charging him with Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity in violation of 18 U.S.C.§ 1962 (d). The two applicable predicates are (a) conspiracy to commit murder that resulted in the death of Jose Aguilar Villanueva and (b) accessory after the fact, to the murder of Omar Reyes. In the first, he confirmed the identity of Jose Aguilar Villanueva (a/k/a Fantasma) as someone who was believed to be cooperating against German Hernandez

Escobar (15-10338) [3].  In the second, after the fact, he delivered a gun to Jose Valle Flores (a/k/a Mecha).

The Defendant and the Government have entered into a plea agreement pursuant to 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

## MR. RODRIGUEZ'S PERSONAL CHARACTERISTICS

Mr. Rodriguez was one of 11 children born to his parents in El Salvador.  He and 15 of his family members lived in an adobe (earthen) home with no running water or electricity.  The physical environment in which Mr. Rodriguez was raised was one more of abject poverty than humility.  Nonetheless, Mr. Rodriguez always felt loved and supported by his family, who did not abuse him and who were hard working subsistence farmers. PSR ¶¶77 and 82.

With few opportunities, educational or otherwise, Mr. Rodriguez left school in the eighth grade to work and help his parents support his large family.  PSR ¶90.  With little prospect of obtaining an education or advancing to the point of having a home with standard amenities such as indoor plumbing, Mr. Rodriguez entered the United States without documentation at age 18. PSR ¶78.  He was deported in 2016 only to return to the United States a few months later.  PSR ¶79.  Notably, Mr. Rodriguez began a relationship with Sandra Rodriguez in 2014, which resumed upon his return to the United States in 2016.  PSR ¶83.  Their daughter was born on June 17, 2017.

During the time Mr. Rodriguez was in the United States he worked consistently and stepped into the role of provider and father to his daughter and his girlfriend, Sandra Cruz Melgar and her two children from a previous relationship.  PSR ¶83.  See also Exhibits A-D.

Mr. Rodriguez has no criminal history.

## GUIDELINES CALCULATION

As discussed in the Pre-Sentence Report (PSR) prepared by the Probation Department:

The defendant agrees that the correct guideline for determining the base offense level for a violation of 18 U.S.C. §1962(d) is USSG §2E1.1, which pursuant to subsection (a) calls for a base offense level that is the greater of 19 or the offense level applicable to the underlying racketeering activity. With regard to the underlying racketeering activity, the defendant agrees that a conviction on account charging conspiracy to commit more than one offense shall be treated as if the defendant had been convicted on a separate kind of conspiracy for each offense. PSR ¶46.

The underlying offenses for Guidelines purposes are separated into 2 groups:

(1) The defendant's participation on the conspiracy to murder Jose Aguilar Villanueva, which resulted in Villanueva's death and:

(2) The defendant being an accessory after the fact to the murder of Omar Reyes. PSR ¶47.

Group 1:

The base offense level under Guidelines §§2A1.5(c)(1), 2A1.1 and 2A1.1(a) is 43. The defendant was a minimal participant in this offense and therefore a 4-point reduction pursuant to USSG §3B1.2(a) is appropriate. This brings the adjusted offense level for Group 1 to 39.

Group 2:

The base offense level is 30 under Guidelines §§2X3.1(a)(1) and 2X3.1(a)(3)(A). There are no adjustments for role, victim, obstruction of justice. This brings the adjusted offense level for Group 2 to 30. Pursuant to USSG §3D1.4(a), (b) and (c) the combined adjusted offense level is 39.

The defendant also agrees that a 3 - level adjustment for Acceptance of Responsibility has already been applied, pursuant to §3E1.1(a).  This brings the Total Offense Level to 36.  Probation has determined that Mr. Rodriguez has zero criminal history points, giving him a Criminal History Category I.  Accordingly, the Probation Department has correctly calculated Mr. Rodriguez's GSR at 188-235 months.

## **SENTENCING RECOMENDATION**

Mr. Rodriguez fits an all too familiar profile of the standard recruit for MS-13.  He is poor and from an impoverished part of El Salvador.  He had little education or vocational skills and virtually no prospects for a better life.  That he is now facing nearly two decades in prison is not lost on him.  While Mr. Rodriguez's conduct is undoubtedly serious and warrants a significant sentence, a term of imprisonment of 188 months (15 years and 8 months) is sufficient to meet the goals of sentencing in this case.   Unfortunately, it is difficult to imagine that a sentence of any length would deter individuals from joining gangs like MS-13 given the coercion tactics used by gang recruiters, the youth of those targeted and the violence in the communities where these young men are raised that draws them into gangs as a means of survival.  A sentence of more than 15 years achieves the goal of general deterrence.

Similarly, a sentence of 188 months will deter Mr. Rodriguez from further criminal activity.  He will be 40 years old by the time he is released and inevitably deported.  The additional one year and four months sought by the government may add time but does not add anything to the deterrence calculus.

Mr. Rodriguez was not a leader.  When Hernandez Escobar was incarcerated others stepped into the void and assumed leadership, something even the government concedes.  PSR

¶24.   With regard to the Villanueva murder, Rodriguez did provide a name, but was essentially only confirming what Hernandez Escobar already knew.  PSR ¶29.  Most importantly, Rodriguez did not participate in the planning or in the murder of Villanueva.   PSR ¶¶31-36.

## PROPOSED JUDICIAL RECOMMENDATIONS

Mr. Rodriguez respectfully asks that the Court recommend that he be given the panoply of program services available for educational and vocational training so that he may obtain literacy and develop some marketable job skills.  The defendant also respectfully requests a judicial recommendation to the BOP that his sentence be served as close to the Boston area as possible.  This would allow his girlfriend, daughter and stepdaughters some degree of contact with him during a lengthy prison sentence.

## PROPOSED SUPERVISED RELEASE CONDITIONS

To the extent that such conditions may be relevant, the defendant proposes the following conditions:

**Educational and Vocational Training.**  The defendant does not have his high school diploma or its equivalency.  The defendant recognizes that it is in his best interest to obtain his GED and seek vocational training.

## CONCLUSION

Based on the factors detailed above, defendant, Mr. Rodriguez requests that the Court order that the defendant serve a sentence of 188 months and that he be subject to three years of supervised release. Such a sentence is reasonable and sufficient but not greater than necessary.

Dated: 7/3/19

                                  RESPECTFULLY SUBMITTED
                                  By Counsel for the Defendant

*/s/ Joseph M. Griffin, Jr.*

Joseph M. Griffin, Jr.
BBO# 638248
15 Court Square, Suite 240
Boston, MA. 02108
(617)742-1663
josgriffin@msn.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that I served a true copy of this document by electronic filing, on July 3, 2019, to all parties that participate in the ECF system and by first class mail to all parties not listed on the ECF system.

*/s/ Joseph M. Griffin, Jr.*

Joseph M. Griffin, Jr.